NOT DESIGNATED FOR PUBLICATION

No. 120,089

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEVARIO CEON EDWARDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS. Opinion filed April 19, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J., GARDNER, J., and WALKER, S.J.

PER CURIAM: Devario Ceon Edwards appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Edwards' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded, and it requests that the district court's judgment be affirmed.

On May 22, 2018, Edwards pled guilty to one count of criminal threat. On July 3, 2018, the district court sentenced Edwards to 6 months in prison but granted probation for a term of 12 months.

On August 17, 2018, Edwards admitted to violating the conditions of his probation by, among other things, committing new crimes of larceny, battery/domestic violence,

1

and destruction of property as alleged in Wichita Police Department case 18C047627. Although Edwards requested an intermediate sanction or, alternatively, work release, the district court denied those requests, revoking Edwards' probation and ordering him to serve his original sentence.

On appeal, Edwards claims the district court abused its discretion by denying his request for an intermediate sanction or, alternatively, his request for work release. In support of his claim, Edwards argues that no reasonable person would take the position of the district court. But in doing so, Edwards tacitly acknowledges that the district court can bypass intermediate sanctions and revoke his probation, particularly where, as here, new crimes have been committed. See K.S.A. 2018 Supp. 22-3716(c)(8)(A) (district court does not have to impose intermediate sanction if offender commits new felony or misdemeanor while offender is on probation).

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In this case, the district court revoked Edwards' probation and imposed his original prison sentence after finding that he had committed new crimes while on probation. As noted above, the district court was not legally required to impose an intermediate sanction because Edwards committed a new offense while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). Given the facts presented and the applicable law, there simply is no evidence to show that the district court's decision to revoke Edwards' probation was

arbitrary, fanciful, or unreasonable, or based on an error of fact or law; thus, we find the district court did not abuse its discretion by revoking Edwards' probation and ordering him to serve his underlying prison sentence.

Affirmed.